UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

AGUSTA YOUNG,

                             Plaintiff,

     v.                                          Civil Action No. _____

WINDHAM PROFESSIONALS, INC.,

                             Defendant.

_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

4. Plaintiff Agusta Young is a natural person residing in the County of Niagara and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant Windham Professionals, Inc., (hereinafter "Windham") is a foreign business corporation organized and existing under the laws of the State of Massachusetts and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. Defendant regularly attempts to collect debts alleged to be due another.

7. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

1

8. All references to "Defendant" herein shall mean the Defendant or an employee of the Defendant.

## IV. FACTUAL ALLEGATIONS

9. That Plaintiff incurred a debt for a student loan to American Education Services. This debt will be referred to as "the subject debt."

10. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

11. That Plaintiff thereafter defaulted on the subject debt.

12. That upon information and belief Defendant was employed by American Education Services to collect on the subject debt.

13. That in or about September of 2009, Defendant first contacted Plaintiff on her cell phone. Defendant representative "Mr. Rivera" explained that Plaintiff's debt had been turned over to collections and that Defendant was attempting to collect the subject debt. Defendant then wanted Plaintiff to agree to a payment plan where Plaintiff would pay a minimum of $385 per month for 9 months under a hardship arrangement. Plaintiff explained that at the moment she was having financial difficulties and would not be able to pay that much. Defendant then told Plaintiff that if she did not agree to the payment plan her wages would be garnished. Reluctantly Plaintiff agreed to the payment plan and Defendant said he would fax Plaintiff a copy of the agreement. Plaintiff told Defendant she did not have a fax machine and requested that Defendant mail a copy, to which Defendant agreed.

14. That in or about September 2009, Plaintiff made her first payment under the payment plan. About a week later Plaintiff received a call from Defendant requesting that she return the phone call. Plaintiff contacted Defendant and asked to speak with "Mr. Rivera." "Mr. Rivera" was not available and Plaintiff spoke with the manager on duty. Plaintiff questioned Defendant about the voicemail she received asking if there was a problem, considering she just entered into a payment plan. Defendant manager told Plaintiff the payment plan was not available to her because she had not given any post dated checks. Defendant stated without any post dated checks there was no arrangement. Thereafter the conversation was terminated.

15. That in or about September 2009, Plaintiff again contacted Defendant hoping to speak with "Mr. Rivera." Plaintiff was able to speak to "Mr. Rivera" and asked him why the payment arrangement was no longer possible. Defendant representative "Mr. Rivera" told Plaintiff to ignore what the manager had said, and that it was still possible to keep the same payment arrangement. Defendant representative explained to Plaintiff that the sooner she got a copy of the agreement the better, and said faxing it was the best. Plaintiff explained that she only had access to a fax machine was at work and that she did

2

not want her co-workers to receive the fax and know she owed a debt. Plaintiff said Defendant could send her a fax at work if Defendant called her before sending it so Plaintiff could be at the fax machine waiting for its arrival preventing any co-workers from seeing it. Plaintiff also informed Defendant that she did not want to receive any calls at her place of employment because it was forbidden by her employer and would put her job in jeopardy. Defendant agreed to call Plaintiff before the fax was sent to her work and to not contact Plaintiff at work otherwise.

16. That in or about September 2009, Plaintiff received a call from Defendant. Plaintiff was unable to answer and Defendant did not leave a message. Plaintiff later found out from a co-worker that Defendant had sent the agreed upon payment plan to Plaintiff's work by fax. Defendant had failed to inform Plaintiff that the fax was being sent as agreed upon, and subject fax was intercepted and read by a co-worker, disclosing that Plaintiff owed a debt.

17. That from October 2009 to January 2010, Plaintiff made the monthly $385 payments to Defendant and Defendant stopped contacting Plaintiff.

18. That on or about January 20, 2010, Defendant "Ashley" contact Plaintiff at work. Defendant was connected to Plaintiff through a secretary. Plaintiff immediately asked Defendant why she was being contacted at work when she previously instructed Defendant not to. Defendant stated that they were calling Plaintiff because here payment for the month of January was late. Plaintiff stated that according to the payment agreement there was a 20 day grace period before the payment will be considered late. Defendant stated that the grace period was only for emergencies and Plaintiff told her that there is no mention of that in the agreement. Plaintiff repeated that she did not want to be contacted at work because she could lose her job and then asked to speak with a manager. Plaintiff spoke with Defendant representative manager "Mike Moses." Plaintiff reiterated that she did not want to be contacted at work because she could lose her job. Thereafter the conversation was terminated.

19. That as a result of Defendant's acts Plaintiff became nervous, upset, anxious, and suffered from emotional distress.

## V. CAUSE OF ACTION

20. Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 19 above.

21. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

    A. Defendant violated 15 U.S.C. §1692e, and 15 U.S.C. §1692f by agreeing to a payment plan with Plaintiff and then trying to rescind that agreement. Said

deceptive act by Defendant was an unfair and unconscionable attempt to collect subject debt.

B. Defendant violated 15 U.S.C. §1692e, 15 U.S.C. §1692e(4), and 15 U.S.C. §1692e(5) by telling Defendant that if she did not agree to the payment arrangement her wages would be garnished. Defendant had neither the legal authority nor the intent to take such action and as such it was a false, deceptive, and misleading representation in an attempt to collect the subject debt.

C. Defendant violated 15 U.S.C. §1692b(1) by sending a fax to Plaintiff's place of employment without Plaintiff's knowledge containing Plaintiff personal information and disclosing that Plaintiff owed a debt. That said message was intercepted and read by Plaintiff's co-worker, disclosing that Plaintiff owed a debt.

D. Defendant violated 15 U.S.C. §1692c(a)(1) and 15 U.S.C. §1692c(a)(3) by contacting Plaintiff at her place of employment after Defendant knew such contact was inconvenient to Plaintiff and prohibited by her employer.

22. That as a result of the Defendant's FDCPA violations as alleged herein, Plaintiff became nervous, upset, anxious and suffered from emotional distress.

**WHEREFORE,** Plaintiff respectfully requests that judgment be entered against the Defendant for:

(a) Actual damages;

(b) Statutory damages for pursuant to 15 U.S.C. § 1692k.

(c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(d) For such other and further relief as may be just and proper.

## VI. JURY DEMAND

Please take notice that Plaintiff demands trial by jury in this action.

Dated: May 4, 2010

/s/ Seth Andrews_____
Kenneth R. Hiller, Esq.
Seth Andrews, Esq.
Law Offices of Kenneth Hiller, PLLC
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email: khiller@kennethhiller.com
       sandrews@kennethhiller.com